NO.7945.

SUCCESSION OF A. HILL ANNAN

VS

ARMAND J. CASTAING.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

By his Honor Jan T. Paul.

This is a claim for a balance alleged to be due by defendant on open account to the late firm of Annan & Rainey; whose outstanding accounts plaintiff has the sole right to collect.

The items of debit are not disputed, except as to a small overcharge, to be mentioned later on; and the defence is that the claim has been paid in full, and even overpaid; for which overpayment defendant asks judgment in reconvention.

I.

The firm of Annan & Rainey was formed January 1st 1913 and dissolved January 8th 1916, being succeeded by the firm of Annan & Davidson. Defendant had purchased goods on open account from Annan & Rainey from the very formation of the partnership almost until its dissolution; that is to say, from January 1st 1913 to November 27th 1915. But he never bought anything from the firm of Annan & Davidson.

II.

The account sued upon is as follows;

Debits:-

Mds purchased Dec 7th, 16th, 26th 1914..........$141.75
"      "      Jany 6/15 to Nov 27/15 ...........5769.25
                                               ------------
Total debits to Dec 31st 1915................. 5911.00

Credits:-

Ten Cash payments, July 7/15 to Dec 16/15....................$3378.85

One  "  ",  Jany 3/16...............................  500.00

(Four) "....."  , Mch 21st 1917 (A. D.)...................  775.00
                                                        ------------
Total Credits................................................$4653.85

Leaving a balance of $1257.15; for which plaintiff sues.

### III.

Upon the books of Annan & Rainey defendants account stands

as follows;

Debits:-

Purchases from Jany 1/13 to Dec 8/14.......................$20268.15

     "       "    Jany 6/15 to Nov 27/15.......................  5769.25
                                                            -----------
Total Debits...............................................$26037.40

Credits:-

Sundry Cash Payments Jany 14/13 to Dec 8/14...............$17995.40

Seven ""      "     Jany 12/15 to June 21/15...$ 2125.00

Cartage deducted Apil 12/15..........................  6.00    2131.00

Ten Cash payments    July7/15 to Dec 16/15    3378.85

One  "      "     Jany 3/16 ...............  500.00

Journal Credit (Annan & Davidson( Mch 21/17....  775.00    4653.85
                                                        ------------
Total Credits........................................    $24780.25

### IV.

Analyzing this last account we find the following:

Purchases          Jany 1/13 to Dec 26/14.............  $20268.15

Sundry Cash payments, Jany 14/13 to Dec 8/14.............  17995.40
                                                        ------------
Balance due Dec 31st 1914................................ $ 2272.75

Seven Cash Payments    Jany 12/15..........$2125.00
                       to June 21/15

Cartgage deducted April 12/15                6.00     2131.00
                                                        ------------
Balance of Dec 31st 1914 reduced to                    $  141.75

Purchases Jany 6/15 to Nov 27/15                          5769.25

*Total Debet to Dec 31st 1915.*              $  5911.00

Corresponding with the total debit of the account sued upon; and subject to credits of $4653.85 as aforesaid; thus leaving a balance of $1257.15, as herein sued for.

V.

The additional credits which defendant claims are thirteen payments as follows:

1. Seven checks in favor of Anman & Rainey dated Jany 12th 1915 to June 21st 1915, aggregating $2125.

2. One check in favor of Mr Anman, Jany 17/16 for $200; and three checks in favor of Anman & Davidson, one Feby 21/16 for $175, one Mch 14/16 for $200, one April 5/16 for $200; these four checks aggregating $775.

3. One check in favor of Anman & Rainey, dated July 17/15, for $200.

4. One check in favor of Anman & Rainey, dated Nov 15/15, for $300.

VI.

1. The evidence shows conclusively that all during the years 1913, 1914 and 1915 defendant was constantly at plaintiff's place of business and regularly received monthly statements of his account; to which he offered no objection whatever, except as to the overcharges above mentioned. There is therefore not the slightest doubt that he knew the balance against him according to the books

326

of Annan & Rainey on December 31st 1914 was $2272.75,
and knew that this balance was correct.

Accordingly it was both proper and strictly according
to law (C. C. 2166) that the seven payments to Annan & Rainey
made between Jany 12th 1915 and June 21st 1915, aggregating
$2125, should be imputed to this old balance instead of
to the new purchases now sued upon. These $2125 with $6
for cartage (say $2131.) reduced the amount of that balance
to $141.75; thus wiping out all purchases except those of
Dec 7th, 16th and 24th 1914, with which the account begins.
Defendant has therefore received proper credit for these
seven payments.

2. The four payments aggregating $775, made between
Jany 17/16 and April 5/16 (after the dissolution of the
firm of Annan & Rainey) were credited to him on the books
of Annan & Davidson, of whom he had bought nothing. Of
course he was entitled to credit for this amount; but
full credit was duly given him by the Journal credit of
March 21st 1917.

As a matter of book keeping that was the proper way
the
to show credit; but be that as it may, it is clear that
defendant is not entitled to double credit, which he would
certainly receive were he allowed both journal credit and
in addition thereto the Cash credit also. Defendant has

327

therefore also received due credit for these four payments.

3. The check of July 17/15, for $200, was duly and properly credited in the books on the day of its receipt. By ## a clerical error this credit appears on the account as of July 27th, on which day defendant had no credit on the books. The credit of July 27th appearing on the account, is the same as that of July 17th appearing on the books.

4. The check of November 15th 1915, for $300, was credited in the cash book on the day it was received; but was erroneously posted into the ledger as of November 13th, on which day defendant had made no payment. The credit of November 13th is therefore the same as that now claimed.

### VII.

Defendant claimed, and the judge below allowed, certain overcharges (of which defendant testified to $84.10). Plaintiff in answer to the appeal, prays that this deduction be not allowed; but we see no reason for this. Defendant's testimony is uncontradicted, not unreasonable, and sufficiently convincing to have satisfied the trial judge who heard him. We will therefore not disturb his finding except to correct a clerical error in the amount. He allowed $96.75; we find only $84.10. Otherwise the judgment appealed from is correct.

It is therefore ordered that the credit allowed defendant against the main demand be now reduced from $96.75 to $84.10; and as thus amended the judgment appealed from is affirmed at defendant's cost.